IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEVAN M. PARKS,

    Plaintiff,

v.   Civil Action No. 5:15CV19
(STAMP)
McKEEN SECURITY, INC. and
DAVID McKEEN, individually
and as its President,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE**

I. Procedural History

On February 12, 2015, this matter was removed to this Court from the Circuit Court of Ohio County, West Virginia. The plaintiff, Levan M. Parks, had filed a pro se[1] complaint on January 20, 2015 against the defendants, McKeen Security, Inc. and David McKeen. Pursuant to 28 U.S.C. § 636(b)(1)(A) and for reasons appearing to the Court referred this action to the Honorable James E. Seibert, United States Magistrate Judge, to review the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

The defendants then filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). The motion was fully briefed. The magistrate judge then entered a report and

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

recommendation recommending that this Court dismiss the plaintiff's complaint without prejudice. The magistrate judge informed the parties that a failure to file objections to the report and recommendation within fourteen days of receipt of the report would result in a waiver of the right to appeal from a judgment of this Court. Neither party filed objections.

II. Facts

In his complaint, the plaintiff alleges that he was discriminated against by the defendants when he was transferred to a location that did not have bus service or other public means of transportation. The plaintiff asserts that before his transfer he had made his supervisor aware of his inability to travel to work without such accommodations. The plaintiff states that he was then involved in a verbal altercation with a co-worker that resulted in his transfer. The plaintiff alleges that he was transferred to a location without accessibility to public transportation because of a supervisor's hostile attitude toward him because of the plaintiff's race. The plaintiff is an African American. Further, the plaintiff contends that the transfer led to his ultimate termination because the plaintiff was unable to get to work without transportation.

The plaintiff asserts that he had complained to the defendants about the allegations cited above before he was terminated. Further, the plaintiff filed a complaint with the Equal Employment

Opportunity Commissions ("EEOC") regarding the same allegations. The plaintiff's claim was closed as the EEOC could not establish violations of applicable statutes. However, the EEOC did not certify that McKeen Security was in compliance with those statutes.

For the reasons that follow, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As neither party has filed objections, the report and recommendation will be reviewed for clear error.

## IV. Discussion

The defendants make three arguments in their motion to dismiss: (1) that defendant David McKeen was improperly served and thus this Court lacks jurisdiction over him, (2) the plaintiff's complaint fails to state a cause for discrimination, and (3) the complaint fails to meet the plausibility standard promulgated by the United States Supreme Court. The plaintiff's response provided additional materials to support his discrimination claim but otherwise did not address the arguments made by the defendants. This Court will review the magistrate judge's findings regarding those arguments for clear error.

A. Motion to Dismiss under Rule 12(b)(5)

When he served his complaint, the plaintiff only delivered the complaint to McKeen Security. The defendants argue in their motion to dismiss that because defendant David McKeen was not personally served, this Court lacks personal jurisdiction over him. The plaintiff did not address this argument in his response. The magistrate judge found that the plaintiff likely believed that his service on McKeen Security was sufficient service on David McKeen as well. Because of the plaintiff's pro se status, the magistrate judge found that service was sufficient because David McKeen had received actual notice and the defendants' only objections were based on the technical requirements of Federal Rule of Civil Procedure 4(m).

Rule 12(b)(5) allows a party to file a motion for insufficiency of service of process. A pro se plaintiff is entitled "to a certain degree of leniency so as to ensure that his case is justly resolved on its merits rather than on the basis of procedural technicalities to the extent possible." Poulakis v. Amtrak, 139 F.R.D. 107, 109 (N.D. Ill. 1991). Rule 4(m) provides that if service of the summons and complaint is not made within 120 days of the filing of the complaint:

> the court . . . shall dismiss the action without prejudice as to that defendant, or direct that service be effected within a specified time, provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

4

Fed. R. Civ. P 4(m). As the magistrate judge noted, the plaintiff failed to show good cause for the failure of service of process upon David McKeen. However, "[a]lthough actual notice is not considered sufficient to satisfy the standards of [Rule 4] . . . courts have held that the standards set by [Rule 4] should be liberally construed in order to allow personal jurisdiction in cases where the party has received actual notice and proper service may still be obtained." Feingold v. Hankins, 269 F. Supp. 2d 268, 276 (citations omitted).

Because of the leniency afforded a pro se plaintiff and that fact that David McKeen had actual notice of the action because process was served at McKeen Security, this Court finds that the magistrate judge's finding was not in clear error. Proper service could still be obtained in this action and thus this is not grounds for dismissal at this time.

B.  Motion to Dismiss under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).

Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 663-666 (2009).

The defendants argue that the plaintiff's complaint should be dismissed as the plaintiff has not alleged that the defendants made any decision based on the plaintiff's race. Based on the plaintiff's allegations, as cited above in this order, the magistrate judge found that the plaintiff was alleging a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"). The magistrate judge thus found that the plaintiff has failed to allege

6

sufficient facts in his complaint that he was discharged from his position because of his race. This Court finds that such a finding is not in clear error as the plaintiff has only made conclusory allegations and statements in his complaint. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 663-666.

However, the magistrate judge found that the plaintiff's complaint should be dismissed without prejudice given the handwritten allegations in his response to the motion to dismiss and the attached documents thereto. The magistrate judge found that those documents had not been incorporated into the plaintiff's complaint and that the magistrate judge would therefore have to consider the motion to dismiss as a motion for summary judgment. However, because there had not been a reasonably opportunity for discovery, the magistrate judge found that this was inappropriate. As such, the magistrate judge recommended that the complaint be dismissed without prejudice so that the plaintiff may refile the suit to raise the factual claims he had first addressed in the response to the motion to dismiss.

This Court finds that the magistrate judge's finding is not in clear error. It is a discretionary decision for a court to construe a motion to dismiss as a motion for summary judgment where documents are attached that may not be incorporated by reference. Baily v. Virginia High Sch. League, Inc., 488 F. App'x 714, 715 (4th Cir. 2012). This Court agrees that the claims raised in the

plaintiff's response cannot be incorporated by reference into the plaintiff's complaint. Thus, those claims would need to be addressed separately and the plaintiff's complaint must be dismissed.

V. Conclusion

Based on the above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED. As such, the defendants' motion to dismiss is GRANTED and the plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     May 20, 2015

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE